File Name: 09a0639n.06

NOT RECOMMENDED FOR PUBLICATION

No. 08-4539

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Sep 15, 2009**

LEONARD GREEN, Clerk

STEVEN CLINE,                                          )
                                                      )
    **Plaintiff-Appellee,**                            )
                                                      )
                                                      )     **ON APPEAL** FROM THE UNITED
                                                      )     STATES DISTRICT COURT FOR
v.                                                    )     THE SOUTHERN DISTRICT OF
                                                      )     OHIO
                                                      )
RETIREMENT PLAN  FOR THE GLASS                        )
ROCK PLANT & MILLWOOD PLANT OF                        )
OGLEBAY NORTON INDUSTRIAL                             )
SANDS, INC.; OGLEBAY NORTON                           )
INDUSTRIAL SANDS, INC.,                               )
                                                      )
    **Defendants-Appellants.**                        )
                                                      )

BEFORE: NORRIS and COLE, Circuit Judges; ADAMS, District Judge.[*]

     **ALAN E. NORRIS, Circuit Judge.** Defendants, the Retirement Plan for the Glass Rock

Plant and Millwood Plant of Oglebay Norton Industrial Sands, Inc., and Oglebay Norton

Industrial Sands, Inc. (collectively "defendants"), appeal the district court's determination that

the administrators of Oglebay's retirement plan ("the Plan") wrongly denied plaintiff Steven

Cline benefits under the Plan.  For the reasons outlined below, we affirm the decision of the

district court.

---

     [*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting
by designation.

The district court accurately summarized the undisputed facts of this appeal, and we see no need to repeat them here. Shortly after the case arrived in the district court, the parties filed cross-motions for judgment on the administrative record. Based on the plain language of the Plan's eligibility requirements, the court concluded that the administrators' decision denying Cline benefits was arbitrary and capricious, so it granted Cline's motion. Those eligibility requirements are as follows:

> A Participant who terminates employment as a result of a disability and who has completed at least ten years of Credited Service at the time the disability first commences and who is subsequently deemed to be permanently and totally disabled in accordance with the Federal Social Security Act shall be entitled to Disability Benefits hereunder.

Defendants argued in the district court that in order to be eligible for benefits under the Plan, Cline must have been totally and permanently disabled in accordance with the Federal Social Security Act *at the time of his termination*. Therefore, the argument goes, Cline was ineligible because the Social Security Administration determined that he did not become totally and permanently disabled until more than two years later. Cline responded that the Plan's plain language belies defendants' reading, because that language requires only that he terminated his employment as a result of a "disability," and then is later determined to be totally and permanently disabled by the Social Security Administration *as of that later date*. The district court agreed with Cline's understanding, and concluded that he met both of these requirements, and was therefore eligible for benefits. It reasoned that requiring a participant to be totally and permanently disabled at the time of termination would necessitate rewriting the terms of the Plan; its current requirement that a participant "is subsequently deemed *to be* permanently and

totally disabled" would need to be revised to instead require that the participant "subsequently be deemed *to have been* permanently and totally disabled" at the time of his termination.

The parties advance the same arguments on appeal that they did below, and we affirm on the reasoning of the district court insofar as it concluded from the language of the Plan that the administrators' decision denying Cline benefits was arbitrary and capricious.

However, we need not reach the defendants' complaint about that portion of the district court's opinion in which the court supplied a definition of the word "disability". Eligibility for benefits under the Plan is conditioned in part upon employment being "terminated as a result of a disability." It does not, therefore, matter whether the participant was actually disabled at the time of termination; the relevant question is whether he was terminated because the employer considered him disabled. Here, the record indicates that Oglebay did consider the reason for Cline's termination to be his disability, and defendants have not at any point disputed this proposition. It is also undisputed that Cline had completed ten years of credited service at the time his disability began, and the Social Security Administration later deemed this very same disability to be permanent and total.

The judgment of the district court is **affirmed**.